UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

2011 SEP -2 PM 3: 36

| | | |
|---|---|---|
| CAL-TEX PROTECTIVE COATINGS, INC. | § | |
| Plaintiff | § § § | |
| v. | § § | CIVIL ACTION NO. SA: 11-CA0701-OG |
| JOHN MARTIN | § § § | |
| Defendant | § § | |

## PLAINTIFF'S MOTION FOR REMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT:

CAL-TEX PROTECTIVE COATINGS, INC. ("CAL-TEX"), Plaintiff herein, files its Motion for Remand and would respectfully show the court as follows:

### I. Federal question determined from the well-pleaded complaint

1. In construing the removal statutes, the Supreme Court has mandated a "strict construction" approach, in recognition of the congressional intent to restrict the jurisdiction of federal courts on removal. *Powers v. South Central United Food & Comm. Workers Unions & Employers Health & Welfare Trust*, 719 F.2d 760, 762 (5th Cir. 1983), *citing American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 10, 71 S.Ct. 534, 538, 95 L.Ed. 702 (1951). "[W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute...must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75-76, 34 S.Ct. 724, 724, 58 L.Ed. 1218 (1914). The well-pleaded compliant rule dictates that "a defendant may not remove a case to federal court unless the plaintiff's complaint

establishes that the case 'arises under' federal law." *Powers*, at 764, *citing Franchise Tax Bd. Of Calif. v. Construction Laborers Vacation Trust for S. Calif.*, 463 U.S. 1, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). It is insufficient for jurisdictional purposes that the plaintiff asserts that federal law deprives the defendant of a possible defense. *Powers*, at 764.

2. The Employment Retirement Income Security Act of 1974 ("ERISA") supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 USC Sec. 1144(a). "A state law 'relates to' an employee benefit plan 'if it has a connection with or reference to such plan.'" *Rozzell v. Security Servs., Inc.*, 38 F.3d 819, 821 (5th Cir. 1994), *quoting Shaw v. Delta Airlines*, 43 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). ERISA preempts a state law claim "if (1) the state law claim addresses an area of exclusive federal concern such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities-the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir. 1995).

3. Contrary to Martin's assertion in his notice of removal, CAL-TEX only asserts a state law breach of fiduciary duty claim against Martin and not a breach of any ERISA fiduciary duty. Cal-Tex expressly states that in its First Amended Petition:

> The relationship between Martin and Cal-Tex was such as to be recognized as fiduciary in nature **under Texas law**.
>
> Martin, by the acts or omissions set forth herein, acted in derogation of his fiduciary duties **under the laws of the State of Texas**.

*See* CAL-TEX's First Amended Petition, ¶¶38, 40, attached hereto as Exhibit 1.

4. Texas law provides for a breach of fiduciary duty claim if the plaintiff establishes that 1) the plaintiff and defendant had a fiduciary relationship; 2) the defendant breached its

**Plaintiff's Motion for Remand**
s:\client files\cases\cal-tex\martin comal county case\federal court\pleadings\motion for remand final ms.doc

2

fiduciary duty to the plaintiff; and 3) the defendant's breach resulted in a) injury to the plaintiff or b) benefit to the defendant. *See Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 513-14 (Tex. 1942); *Johnston v. Kruse*, 261 S.W.3d 895, 902 (Tex. App.—Dallas 2008, n.p.h.).

5. Under an ERISA breach of fiduciary duty claim, the plaintiff must establish an additional and separate and distinct element. The plaintiff must establish the defendant's status as an ERISA fiduciary acting as a fiduciary; he must show that the defendant has discretionary authority in management of the plan or its assets or discretionary responsibility in administration of the plan; renders investment advice or has authority in the administration of the plan. 29 U.S.C. Sec. 1002(21); see *e.g. Mondry v. American Family Mut. Ins. Co.*, 557 F.3d 781 (7th Cir.) *cert. denied*, --- U.S. --, 130 S.Ct. 200, 175 L.Ed.2d 241 (2009).

6. CAL-TEX's state law breach of fiduciary duty claims in its First Amended Petition do not require a showing that Martin was acting as a fiduciary of the CAL-TEX ESOP, its ERISA plan. CAL-TEX's claims in its Petition fall under state law breaches of fiduciary duty in his role as an employee, officer or director of the corporation based on Martin's attempt to secretly purchase or start a competing company or assist in a hostile take-over of CAL-TEX:

> Upon information and belief, while Martin was an employee of Cal-Tex and both while he held an officer and director position, and after, **Martin has contacted, either directly or indirectly, employees, former employees, customers, representatives, and competitors in an attempt to either compete with Cal-Tex or in an attempt to purchase Cal-Tex.** As part of these efforts, upon information and belief, Martin has provided confidential Cal-Tex information to persons outside of Cal-Tex who should not be in possession of such information.

Exhibit 1, ¶30. CAL-TEX's claims for breach of fiduciary duty relate to Martin's efforts to secretly purchase CAL-TEX, including his acts of engaging in communications with third parties without divulging the information to CAL-TEX or other executives; his disclosing confidential

information in the process and attempting to usurp a corporate opportunity. *Id.* at ¶30, 39. Texas provides state law breach of fiduciary duty claims for these actions.[1] CAL-TEX's state law claim allows it to proceed against an officer or director or employee without establishing a fiduciary relationship to the ERISA plan.

7. CAL-TEX state law breach of fiduciary duty claims simply do not arise under ERISA or relate to the CAL-TEX ESOP. The breach of fiduciary duty claims articulated in the Petition do not mention the ESOP.[2] CAL-TEX's claims do not relate to any right to receive benefits under the terms of the CAL-TEX ESOP and the claims do not directly affect the relationship between the traditional ERISA entities-the employer, the plan and its fiduciaries, and the participants and beneficiaries. *See Hubbard,* at 947. CAL-TEX's breach of fiduciary duty claims against Martin could proceed forward whether CAL-TEX had an ESOP or not.

8. CAL-TEX's claims against Martin have nothing to do with ERISA. They have to do with Martin trying to purchase the company without advising other officers and directors.

---

[1] Under Texas case law, corporate officers and employees owe fiduciary duties to their companies. *International Bankers Life Ins. Co. v. Holloway,* 368 S.W.2d 567, 576 (Tex. 1963); *Johnston,* 73 S.W.3d at 201-02; *Kinzbach,* at 513-14. These duties include the duties of: 1) full disclosure and to not divulge trade secrets or confidential information, *Johnston,* at 201-02; *Welex Jet Servs. v. Owen,* 325 S.W.2d 856, 858 (Tex. App.—Fort Worth 1959, writ ref'd n.r.e.); 2) of loyalty and utmost good faith, *Kinzbach,* at 513-14; 3) candor, *Welder v. Green,* 985 S.W.2d 170-75 (Tex. App.—Corpus Christi 1998, pet. denied); *Hawthorne v. Guenther,* 917 S.W.2d 924, 934 (Tex. App.—Beaumont 1996, writ denied); 4) refrain from self-dealing, *Dearing, Inc. v. Spiller,* 824 S.W.2d 728, 733 (Tex. App.—Fort Worth 1992, writ denied); *Mims v. Beall,* 810 S.W.2d 876, 880 (Tex. App.—Texarkana 1991, no writ); 5) fair and honest dealings, *Kinzbach,* at 512; and 6) not to usurp a corporate opportunity for personal gain, *International Bankers,* at 577.

[2] The only mention of the CAL-TEX ESOP in Plaintiff's First Amended Petition is in the factual background section, paragraph 11, when it discusses Martin's defense, stating: Defendant alleges that the reason he sought access to these seventy-one categories of documents dating back to 1989 was to facilitate an investigation of Defendant's interest in Cal-Tex as a shareholder and any possibility of wrongdoing on behalf of the officers directors and/or the ESOP trustees.

Martin may claim he was doing it behind everyone's back because of some phantom ERISA fiduciary obligation, but that is a defense and cannot be the basis of removal to federal court. *See* Section III, below.

## II. "Other documents" case law does not support removal in this case

9. Martin cites no cases to support that CAL-TEX's *Petition* creates federal question jurisdiction. Document 1, p. 2-3, 9, ¶¶ 5, 9, 22. Instead, Martin tries to draw in "other documents" to support the idea that a federal question exists in this case. *Id.* at ¶¶ 8, 10, 11, 23.

10. Martin's reliance on "other documents" case law is misplaced. The "other [CAL-TEX] documents" referenced by Martin are discovery **questions** propounded on him by Plaintiff. *Id.* at ¶¶ 5, 10. He cites to several **questions** which ask if Martin has sought any valuations of CAL-TEX or the CAL-TEX ESOP and had any communications with third parties. *Id.* at ¶ 10. However, the cases Martin relies on do not support the use of **questions** as a basis for removal. The courts look at ***discovery responses*** or something that makes it facially apparent that the plaintiff is invoking federal court jurisdiction, as "other documents" to support removal. *Doss v. Albertson's LLC*, 492 F.Supp.2d 690, 693 (W.D. Tex. 2007)("***a response*** to a discovery request may constitute an 'other paper'"...), *citing Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992)("***interrogatory answer*** is 'other papers'"); *Hines v. AC & S, Inc.*, 128 F.Supp.2d 1003, 1006 (N.D. Tex 2001)(citing cases that say "***answers to interrogatories...responses to requests*** for admissions...deposition ***testimony***...[and] ***documents given in discovery***" are other documents); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 496 (5th Circuit 1996)(***deposition transcript of plaintiff's president*** was "other papers"); *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761-62)(post-complaint ***demand letter*** from the plaintiff that exceeds the federal jurisdictional limit constitutes "other paper").

**Plaintiff's Motion for Remand**
s:\client files\cases\cal-tex\martin comal county case\federal court\pleadings\motion for remand final ms.doc

5

11. Discovery questions do not make it facially apparent that a plaintiff is asserting federal claims; at most discovery questions only show that the plaintiff might be considering a federal claim. *Hurt v. Del Papa Distrib. Co., LP*, 425 F. Supp.2d 853, 858 (S.D. Tex. 2004)(propounded interrogatories and requests for production did not constitute "other papers").

12. Martin does not rely on *discovery responses* by CAL-TEX. He does not rely on any *affirmative assertion* by Plaintiff such as an affidavit or a demand letter. CAL-TEX's discovery questions could only, at most, suggest *it might be* considering a federal claim—and that is contradicted by CAL-TEX's Petition which specifically states it is asserting a state law fiduciary duty claim.

13. Martin's contention that the court rely on discovery questions would open a floodgate of cases being removed to federal court.[3] If every question in discovery could give rise to federal court jurisdiction, there would be a never-ending parade of cases that could be removed to federal court. Any discovery question that mentions an ERISA plan could become the basis for removal under Martin's analysis. If Martin's contention is taken to its logical conclusion, a plaintiff suing on a state court claim of tortious interference with contract who asks a discovery questions seeking the contract between the defendant and the Department of Labor, for example, would invoke federal court jurisdiction. This is not what is contemplated by the cases cited by Martin. Rather, the "other documents" must show some voluntary act by the plaintiff to invoke federal court jurisdiction. Such act does not exist in this case.

### III. A defense cannot be the basis for removal

---

[3] Texas allows for wide open discovery. *Ford Motor Co. v. Castillo*, 279 S.W.3d 656m 664 (Tex. 2009)(discovery rules are liberally construed to allow the litigants to obtain the fullest knowledge of the facts and issues prior to trial). Texas allows discovery of evidence that may not be admissible at trial, it need only be reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

14. An asserted or anticipated defense predicated on federal preemption of state law is, in jurisdictional terms, a defense like any other, and will not serve to invoke federal jurisdiction. *Powers*, at 764, *citing Franchise Tax Bd.*, at 2845-48.

15. The well-pleaded complaint rule is a "powerful doctrine." *Franchise Tax Board*, 103 S.Ct. at 2846. In *Franchise Tax Bd.*, the court found that "a straightforward application of the well-pleaded complaint rule preclude[d] original federal court jurisdiction. California law establishes a set of conditions, without reference to federal law, under which a tax levy may be enforced; federal law becomes relevant only by way of a defense to an obligation created entirely by state law.... The well-pleaded complaint rule was framed to deal with precisely such a situation .... *[A] case may not be removed to federal court on the basis of a federal defense, including the defense of preemption*, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, at 2848 (emphasis added).

16. Martin alleges that CAL-TEX's claims arise under ERISA, again, without citation to a case to support this assertion. Document 1, p. 3, 6, ¶¶7, 9, 17. Further, he does not specifically identify which ERISA provision is the basis of the breach of fiduciary duties. Martin identifies multiple cases that discuss various ERISA fiduciary duties. However, none of the cases provide a basis for federal court jurisdiction based on Plaintiff's assertions in its Petition and many involve factual scenarios clearly distinguishable from this case.[4] None of them refute CAL-TEX's assertion in its Petition that its fiduciary duty claims are state court claims. They

---

[4] By way of example, several cases cited by Martin simply do not apply to his situation, including *Donovan v. Beirwirth*, 538 F. Supp. 463 (E.D.N.Y. 1981) and *Danabar v. Chicago Pneumatic Tool*, 635 F. Supp. 246, 247 (S.D.N.Y. 1986), both cases involving corporate officers who are also the ERISA trustees. Martin is not the ESOP Trustee and does not purport to be one.

are inapposite to CAL-TEX's claims in its Petition and are raised only in support of Martin's defense. As such, they cannot support removal. *Powers*, at 764.

### IV. Martin's true purpose for removal revealed

17. In filing his Notice of Removal, Martin provided the court with an eleven (11) page Appendix with 125 items, including items filed and not filed with the Comal County District Court. Document 1, Appendix. The one filing he does not provide to this court, and which is attached hereto as Exhibit 2, is the Motion for Sanctions recently filed by CAL-TEX in which CAL-TEX seeks sanctions for Martin's misrepresentations to the state court regarding access to the 28,000 CAL-TEX laptop documents which he misrepresented to the state court and this federal court were not available to him. Martin's purpose for removal appears to be, in part, an attempt to avoid the sanctions sought by CAL-TEX for Martin's inappropriate behavior in state court.

18. In addition, CAL-TEX is in receipt of Martin's First Amended Answer to Plaintiff's Second Amended Petition and Claims Against Third Party Defendants ("Third-Party Claim") filed with this court on August 29, 2011. Document 7. In filing his Third-Party Claim, Martin tries to resurrect claims that have been denied him repeatedly in the federal court matter brought by Martin against individual CAL-TEX officers and directors in Case No. SA-09-CA-695-OG. Many of his allegations and all of his causes of action asserted in Martin's Third Party Claim mirror those asserted in the his Fourth Amended Complaint in Case No. SA-09-CA-695-OG.

### V. Attorney's Fees and Sanction

19. The forgoing shows that Martin had no objectively reasonable basis to believe that the case was removable to federal court. *Bandera Title Co. v. Bridgers*, 2011 U.S.App

**Plaintiff's Motion for Remand**
s:\client files\cases\cal-tex\martin comal county case\federal court\pleadings\motion for remand final ms.doc

8

LEXIS 14234, at *2 (S.D. Tex July 11, 2011). Upon remand, Plaintiff is entitled to recovery of its attorneys fees. *See Avitts v. Amoco Production Co.*, 111 F.3d 30 (5th Cir. 1997). The necessary and reasonable attorney fees incurred by Plaintiff in pursuing remand are as set forth in the attached Affidavit of Stephanie S. Bascon. Exhibit 3, attached hereto. Because Plaintiff expects to recover its actual expenses and attorney's fees pursuant to 28 U.S.C. 1447(c), it is not seeking sanctions for Martin's improper removal. However, Plaintiff notes that Martin's removal was clearly improper. The timing and circumstances of the removal disclose that Martin's true purpose in removing the case was to avoid sanctions in the state court and to attempt to revive claims which the Court has prohibited Martin from pursing in Case No. Case No. SA-09-CA-695-OG. Accordingly, the Court has the authority under FED. R. CIV. P. 11 to sanction Martin for the wrongful removal. *Dimitrijevic v. TV & C CP Holding, Inc.*, 2005 WL 2656256 (S.D. Tex. 2005) (not reported in F.Supp). Under FED. R. CIV. P. 11 (c)(3) sanctions may be imposed on the Court's initiative.

### VI. Conclusion

20. A straightforward application of the well-pleaded complaint rule precludes federal court jurisdiction in this case. Texas law provides a set of conditions, without reference to federal law, under which a company can sue its employee/officer/director for breaches of fiduciary duties. Federal law in this case becomes relevant only by way of an alleged defense by Martin to an obligation created entirely by state law. CAL-TEX did not allege a federal cause of action in its Petition; it did not rely on any federal issue nor did it rely on a federal statute. The questions it submitted in discovery are questions. They are not discovery answers and are not an affirmative assertions or reliance by CAL-TEX on any federal cause of action.

### VII. Prayer

21. Based upon the foregoing presented to this court, it is clear that Defendant John Martin's Notice of Removal is unfounded and Plaintiff Cal-Tex Protective Coatings, Inc.'s Motion to Remand should be granted. Accordingly, since Plaintiff is entitled to remand, the court should remand the case to state court and grant Plaintiff its actual expenses, including attorneys fees and costs incurred in seeking remand and grant Plaintiff Cal-Tex Protective Coatings, Inc. such other relief at law or in equity to which Plaintiff has shown itself justly entitled.

Respectfully submitted,
**LAW OFFICE STEPHANIE S. BASCON, PLLC**

___Pending Admission Pro Hac Vice_____
**STEPHANIE BASCON**
**State Bar No. 19356850**
297 W. San Antonio St.
New Braunfels, Texas 78130
(830) 625-2940
(830) 221-3441 [Fax]
Attorney for Plaintiff Cal-Tex Protective Coatings, Inc. (Admission Pending)

Respectfully submitted,

**REAGAN BURRUS**

_____
**JONATHAN HULL**
**State Bar No. 10253350**
401 Main Plaza, Ste. 200
New Braunfels, Texas 78130
(830) 625-8026
(830) 625-4433 [Fax]
Attorney for Plaintiff Cal-Tex Protective Coatings, Inc

### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure on the 2nd day of September, 2011.